UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBYN BRESE,

    Plaintiff,

v.                                          Case No: 8:20-cv-2469-T-36CPT

AMF BOWLING CENTERS, INC.,

    Defendant.
_____/

## ORDER

    This matter comes before the Court upon Defendant's Motion for Leave to File Documents Under Seal [Doc. 9], filed on December 10, 2020. Defendant seeks leave to file under seal a two-page lien document provided by Plaintiff with her demand detailing her incurred medical expenses, in order to satisfy this Court's questions regarding the amount in controversy aspect of subject matter jurisdiction. The Motion is due to be **GRANTED**.

## DISCUSSION

    Unless a statute, rule, or order authorizes filing under seal, a party who seeks to file any paper or other matter under seal in a civil action shall file and serve a motion which includes the following:

        (i) an identification and description of each item proposed for sealing;

        (ii) the reason that filing each item is necessary;

        (iii) the reason that sealing each item is necessary;

> (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal;
>
> (v) a statement of the proposed duration of the seal; and
>
> (vi) a memorandum of legal authority supporting the seal.

Local R. M.D. Fla. 1.09(a).

Defendant has identified the item to be sealed as the un-redacted two-page lien document detailing Plaintiff's claimed medical expenses. [Doc. 9 at p. 3]. Defendant contends that filing this document is necessary in light of the Court's determination that it needs to see the details of Plaintiff's medical expenses in order to determine if it presents a reasonable assessment of the value of Plaintiff's claim. *Id.* at pp. 3-4. The seal is purportedly necessary to preserve the confidentiality of Plaintiff's Protected Health Information under the Health Insurance Portability and Accountability Act (HIPAA) and Defendant notes that it provided the Court with a redacted copy of the record, but the Court explicitly requested the remaining information. *Id.* at p. 4. Lastly, Defendant requests that the documents remain under seal for a year. *Id.*

Defendant has satisfied the requirements of Local Rule 1.09(a). However, the Court must also consider the common law right of access to judicial proceedings. The common law right of access to judicial proceedings, which serves as an essential component of the judicial system, may be overcome by a showing of "good cause." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). "Good cause" requires "balancing the asserted right of access against the other party's interest in

keeping the information confidential." *Id.* (internal quotation marks and alteration omitted). "A party's interest in the privacy of its financial records . . . oftentimes outweighs the public's right of access." *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2015 WL 5897743, at *1 (M.D. Fla. Oct. 7, 2015). Among other factors, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 40 F.3d at 1246.

Upon consideration, the Court agrees that "good cause" exists to seal the unredacted two-page lien document detailing Plaintiff's claimed medical expenses. As indicated in the memorandum to the motion, the document contains Plaintiff's Protected Health Information under HIPAA. [Doc. 9 at p. 4]. There is no public need for this information and allowing access would certainly harm Plaintiff's legitimate privacy interest. Hence, the public's right of access to this information is greatly outweighed. *See United States ex rel. Bell v. Cross Garden Care Ctr., LLC*, No. 8:16-CV-961-T-27AEP, 2020 WL 2573286, at *3 (M.D. Fla. May 21, 2020) ("[G]iven the respective interests of the parties and the nature and character of the information in question, Defendants have established good cause to seal the exhibit

3

containing protected health information, and the motion is due to be **GRANTED** in part."). Accordingly, it is

    **ORDERED**:

1. Defendant's Motion for Leave to File Documents Under Seal [Doc. 9] is **GRANTED**.

2. Within **SEVEN (7) DAYS** from the date of this Order, Defendant shall file under seal an unredacted copy of the two-page lien document detailing Plaintiff's claimed medical expenses. This document shall remain under seal for a year.

    **DONE AND ORDERED** in Tampa, Florida on December 16, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any